Neal R. Marder (SBN: 126879)
nmarder@winston.com
Ian C. Eisner (SBN: 254490)
ieisner@winston.com
Shawn R. Obi (SBN: 288088)
sobi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213 615 1700
Facsimile: 213 615 1750

Attorneys on Behalf of Specially
Appearing Respondent Jack Qin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of a Petition by A Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27 | Case No. 2:13-MC-00218 (SSx)<br><br>Hon. Suzanne H. Segal<br><br>**SPECIALLY APPEARING RESPONDENT'S OPPOSITION TO PETITION TO PERPETUATE TESTIMONY; DECLARATION OF PYNG SOON IN SUPPORT THEREOF**<br><br>Hearing: July 16, 2013<br>Time: 10:00 a.m.<br>Dept: 23 |

Specially appearing Respondent Jack Qin respectfully submits this opposition to Petitioner Li Shuxin's Petition to Perpetuate Testimony (the "Petition").

## I. INTRODUCTION

The Petition is nothing more than an impermissible attempt to obtain pre-litigation discovery that Petitioner, a purported investor residing in China, hopes might somehow provide the foundation for a future lawsuit against Mr. Qin's company, EFT Holdings, Inc. ("EFT"). Indeed, Petitioner's alleged basis for the Petition – *i.e.*, that he is "concerned" that EFT is "destroying documents" relating to his "investigation into the company's dealings" – is pure pretext, as illustrated by the

fact that (i) Petitioner fails to identify any documents that have been allegedly been destroyed or any reasonable grounds to suspect that potentially relevant documents will be destroyed; (ii) Mr. Qin has provided a declaration from EFT's general counsel stating that EFT has not destroyed any documents in connection with any actual or anticipated dispute or litigation and, to the contrary, EFT has implemented a litigation hold preserving all such documents; and (iii) perhaps most tellingly, the Petition, while seeking to depose Mr. Qin regarding EFT's "document retention policies and procedures," also seeks tens of thousands of documents regarding all aspects of EFT's business, the overwhelming majority of which have nothing to do with EFT's document retention policies.

Courts uniformly hold that the type of fishing expedition that Petitioner seeks to conduct here is not permitted under Rule 27 of the Federal Rules of Civil Procedure. Indeed, as detailed below, Petitioner fails to satisfy nearly every criteria required under Rule 27. Accordingly, the Court should deny the Petition.

## II.   ARGUMENT

Rule 27 provides a mechanism for a petitioner who "expects to be a party to an action cognizable in a court of the United States" to depose expected adverse parties in order to "perpetuate testimony" that might otherwise be lost. Fed. R. Civ. P. 27(a)(1); *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975). Rule 27 cannot, however, be "used as a discovery mechanism for a future complaint." *See Lucas v. Judge Advocate General*, 263 Fed. App'x. 607, 609 (9th Cir. 2008); *State of Nev. v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (a party may not "use [Rule 27] as a means of discovery to enable them to draw a complaint"); *Petition of the State of North Carolina*, 68 F.R.D. 410 (S.D.N.Y. 1975) (Rule 27 cannot "be used for the purpose of ascertaining facts to be used in drafting a complaint"); *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 347 (E.D. Pa. 2000) (plaintiff may not use Rule 27 to "engage in a fishing expedition"); *Ash*, 512 F.2d at 912 ("Rule 27 is not a substitute for discovery"); *In re Ford*, 170 F.R.D. 504, 508 (M.D. Ala. 1997) ("Rule

27 is not a vehicle for compliance [with an attorneys' reasonable investigation obligations under] Rule 11"); *In re Boland,* 79 F.R.D. 665, 668 (D.D.C. 1978).

Accordingly, to be granted relief under Rule 27, a petition must demonstrate that (i) the petitioner currently has legal claims against the respondent, (ii) the petitioner expects to assert those claims in an action "cognizable in a United States district court" but is "presently unable" to do so; and (iii) "without the perpetuation of the testimony a failure or delay of justice will occur." *See* Fed. R. Civ. P. 27(a); *State of Nevada*, 63 F.3d at 936; *In re Eisenberg*, 654 F.2d 1107, 1111 (5th Cir. 1981); *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981); *Ash*, 512 F.2d at 912. The Petition does not come close to satisfying these requirements and should be denied on each of the following independent grounds:

*First*, the Petition is a transparent attempt to obtain pre-litigation discovery that the Petitioner hopes will provide the basis for a future lawsuit. Tellingly, Petitioner fails to identify any legal claims that he currently has, but is "presently unable" to assert, against Mr. Qin or EFT. *See Lucas*, 263 Fed. App'x. at 608 (denying petition where petitioner could not "establish the threshold requirement of Rule 27 that he expects to be a party to an action but is presently unable to bring it . . . ."); *State of Nevada*, 63 F.3d at 936; *Eisenberg*, 654 F.2d at 1111. Rather, Petitioner concedes – as he must – that he is merely "*investigating potential claims* against Mr. Qin and [EFT]." *See* Petition at ¶2 (emphasis added); *see also* Exh. 5 to Petition ("We have been retained to . . . *investigate potential legal action* against the Company) (emphasis added). Because it is well-established that Rule 27 is "not a method of discovery to determine whether a cause of action exists" or "against whom it should be instituted," Petitioner's concession renders his Petition dead-on-arrival. *See Boland*, 79 F.R.D. at 669; *State of N.C.*, 68 F.R.D. at 410; *State of Nevada*, 63 F.3d at 936.

*Second*, the Petition does not establish "special circumstances" justifying the perpetuation of testimony. *See Ash*, 512 F.2d at 912. Indeed, Petitioner does not even attempt to demonstrate that there is a reasonable risk that the testimony of Mr. Qin

3

would be "lost" if Mr. Qin is not deposed prior to the filing of a lawsuit. *See Ash*, 512 F.2d at 912 (Rule 27 "is available in special circumstances to preserve testimony which could otherwise be lost."). Rather, Petitioner's only purported basis for the Petition is that he has alleged "concerns" that EFT is "destroying documents and information." *See* Petition at ¶12. However, even assuming, *arguendo*, that this could serve as the basis for a Rule 27 petition (and it cannot), the instant Petition would still be meritless because Petitioner has neither identified any documents or information that he believes EFT has improperly destroyed nor established any reasonable basis to suspect that EFT will destroy potentially relevant documents or information in the future. While Petitioner and his counsel claim that they were "unable to access" certain webpages on EFT's website on what appears to be one occasion,[1] this does not suggest – let alone establish – that EFT is "destroying" documents and information. Moreover, and in any event, Mr. Qin has provided a declaration from EFT's general counsel stating that (i) EFT has not destroyed any documents or information in connection with any actual or anticipated dispute or litigation and, to the contrary, EFT has implemented a litigation hold preserving all such documents and information; and (ii) to the extent that Petitioner and/or his counsel had difficulty accessing EFT's website, this was due to a temporary error with EFT's internet server that was resolved shortly thereafter.[2]

*Third*, the Petition does not establish that this Court has jurisdiction over this action. *See* Fed. R. Civ. P. 27 (requiring that a petitioner must "expect[] to be party to an action cognizable in a court of the United States . . . ."); *Smith v. McCullough*, 270 U.S. 456, 459 (1926). Specifically, while Petitioner implies that this Court has diversity jurisdiction over the proceeding, he fails to allege any facts indicating the existence of an amount in controversy exceeding $75,000, which is one of the principal requirements for establishing diversity jurisdiction. *See Smith*, 270 U.S. at

---

[1] *See* Declaration of Ronie M. Schmelz in Support of Petition at ¶¶7-8.

[2] *See* the attached Declaration of Pyng Soon at ¶¶3-6.

459. This is hardly surprising in light of Petitioner's admission that he is merely "investigating potential claims" against Mr. Qin and EFT. *See* Petition at ¶2.

*Fourth*, the scope of Petitioner's document request is impermissibly overbroad and illustrates Petitioner's ulterior motive in bringing the Petition – *i.e.*, to conduct a fishing expedition in the hope of discovering documents that might provide the basis for a lawsuit. Indeed, while Petitioner seeks to depose Mr. Qin regarding EFT's "document retention policy and procedures," Petitioner requests that Mr. Qin produce at the deposition tens of thousands of documents regarding all aspects of EFT's business, including but not limited to "all documents" (i) reflecting EFT's operations; (ii) referencing communications between EFT and its investors; (iii) reflecting communications between EFT and the Chinese Government; and (iv) reflecting money received by EFT or Mr. Qin in connection with products sold by or investments in EFT. *See* Petition at ¶14. The case law is clear that Petitioner is not permitted to use Rule 27 as a vehicle to obtain pre-litigation document discovery that should be requested during the normal course of litigation under Rule 26 of the Federal Rules of Civil Procedure. *See*, *e.g.*, *State of Nevada*, 63 F.3d at 936 (denying petition where petitioner sought "opinions, thoughts, views, and background information that [was then] completely unknown to petitioner" because Rule 27 is not a substitute for "discovery under Rule 26").

*Finally*, pursuant to Local Rule 37-1, Petitioner was required to meet and confer with Mr. Qin in person in an effort to obtain the requested discovery without court action. Petitioner failed to do so and instead filed the instant Petition. Petitioner's failure to comply with Local Rule 37-1 constitutes an additional ground to deny the Petition.

### III. CONCLUSION

For the foregoing reasons, the Petition should be denied.

Dated: July 3, 2013

Respectfully submitted,

WINSTON & STRAWN LLP

By: /s/ Neal R. Marder
Neal R. Marder
Ian C. Eisner
Shawn R. Obi

*Attorneys for Specially Appearing Respondent Jack Qin*

## DECLARATION OF PYNG SOON

I, Pyng Soon, declare as follows:

1. I am the General Counsel of EFT Holdings, Inc. ("EFT").

2. On or around June 4, 2013, I received a letter dated June 3, 2013 from Ronie M. Schmelz advising me that EFT should "anticipate litigation" and demanding that EFT institute a "litigation hold" to preserve any and all documents relating to, among other things, EFT's operations and sales.

3. In response to the June 3 letter, EFT immediately instituted a "litigation hold" and, on June 19, 2013, distributed a "litigation hold" letter to all directors, officers, employees, and third party contractors of EFT and its subsidiaries.

4. All of the directors, officers, employees, and third party contractors of EFT and its subsidiaries signed the acknowledgment form attached to the "litigation hold" letter. Attached hereto as Exhibit "A" are true and correct copies of the "litigation hold" letters and executed acknowledgment forms.

5. The "litigation hold" letter requires the officers, directors, employees, and third party contractors of EFT and its subsidiaries to, among other things, (i) preserve all documents and electronic information that could potentially relate to any actual or anticipated dispute or litigation, including but not limited to all documents and data concerning EFT's "operations," "products sold," and "funds received"; and (ii) suspend the deletion, overwriting, or other possible destruction of all such documents and information.

6. Contrary to the purported suspicions of the Petitioner and his counsel, EFT has not undertaken any action to destroy documents in response to any actual or potential investigation or litigation concerning EFT or any of its officers, directors, or employees.

7. To the extent that Petitioner and/or his counsel could not access EFT's website, I am informed by EFT's independent internet technology contractor that this was because of a website server error that was remedied shortly thereafter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed by me in

_____July_____, on this __3rth__ day of July, 2013.

_____
Pyng Soon

LA:335544.1