**EDWARDS WILDMAN PALMER LLP**
Ronie M. Schmelz (SBN 130798)
E-mail: rschmelz@edwardswildman.com
1901 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:  310.860.8700
Facsimile:   310.860.8772

**EDWARDS WILDMAN PALMER LLP**
Edwin M. Larkin (*pro hac vice to be filed*)
e-mail:  elarkin@edwardswildman.com
Carlos F. Ortiz (*pro hac vice to be filed*)
e-mail:  cortiz@edwardswildman.com'
750 Lexington Avenue
New York, New York  10022
Telephone:  212.308-4411
Facsimile:   212.308-4844

Attorneys for Petitioner

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of a Petition by A Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27 | Case No. 2:13-MC-00218 (SSx)<br><br>**REPLY IN SUPPORT OF PETITION TO PERPETUATE TESTIMONY; DECLARATION OF LI SHUXIN SUPPORT THEREOF**<br><br>Hearing:  July 16, 2013<br>Time:  10:00 a.m.<br>Dept.:  23 |

Petitioner Mr. Li Shuxin respectfully submits this Reply in response to the Opposition of Jack Qin (the "Opposition") to the Petition to Perpetuate Testimony of Mr. Jack Qin ("Petition").

In the Opposition, counsel for Mr. Qin argue that the Petition should be denied because (1) Petitioner fails to identify any documents that have allegedly been or will be destroyed, (2) EFT's general counsel claims that "EFT has not

AM 21804476.1

1  undertaken any action to destroy documents" and purportedly all of the directors,

2  officers, employees and third party contractors of EFT and its subsidiaries have

3  executed litigation hold letters in which they agree to suspend the Company's

4  document retention/destruction policy (whatever that is/was), and (3) the deposition

5  seeks the production of documents that go beyond EFT's document retention

6  policies and procedures.

7      Notwithstanding the unsupported claims by EFT's general counsel to the

8  contrary, as set forth in the attached Declaration of Petitioner Li Shuxin

9  ("Petitioner's Declaration"), there is reason to believe that hundreds of pages of

10  documents and information relating to EFT and its products have been destroyed.

11  Petitioner's Declaration, ¶¶ 3-4.  Moreover, despite the carefully crafted declaration

12  submitted by EFT's in-house counsel, and the litigation hold letters he attaches

13  thereto, neither Mr. Qin (whose failure to submit his own declaration speaks

14  volumes) nor EFT have provided adequate assurance that relevant documents have

15  not been destroyed and that all of the entities over whom EFT has control are

16  preserving relevant documents.

17      As demonstrated in the Petition and below, Petitioner has satisfied the

18  requirements of Rule 27; this Court has jurisdiction over the anticipated action,

19  Petitioner is presently unable to bring or cause to be brought the underlying action,

20  and there is reason or need to perpetuate the testimony sought by the Petition.  *See*

21  Rule 27, Fed. R. Civ. P.; *Petition of the State of North Carolina*, 68 F.R.D. 410

22  (S.D.N.Y. 1975).  Accordingly, the Court should grant the Petition.

23      **The anticipated litigation is within this Court's jurisdiction.**  As noted in

24  the Petition, Petitioner and thousands of other Chinese citizens were induced by Mr.

25  Qin to purchase tens of millions of dollars' worth of EFT products.  Petition, ¶ 8.

26  Petitioner himself purchased in excess of $140,000 dollars' worth of EFT product.

27  Petitioner's Declaration, ¶ 2.  If, after concluding his investigation, Petitioner

28  determines to file a lawsuit against Mr. Qin and EFT, as he currently expects, this

AM 21804476.1

- 1 -

1    Court will have original diversity jurisdiction over such action because the amount

2    in controversy, *i.e.* the value of Petitioner's product purchase and investment in

3    EFT, exceeds $75,000 (*Id.*), and the action will be between California citizens who

4    reside in this district, Mr. Qin and EFT, on the one hand, and a citizen of a foreign

5    state, Petitioner, on the other hand (*see* Petition, ¶¶ 1, 4).  *See* 28 U.S.C. § 1332.

6    **Petitioner is currently unable to bring an action because his investigation**

7    **of potential claims is ongoing and not yet complete.**  As noted in the Petition,

8    Petitioner is currently investigating potential claims against Mr. Qin and EFT and

9    expects to be a party to an action cognizable in this Court, but cannot presently

10   bring the action or cause it to be made because the investigation is still ongoing.

11   Petition, ¶ 2; Petitioner's Declaration, ¶ 5.  Thus, the Rule 27 requirement that

12   Petitioner is presently unable to bring or cause to be brought the underlying suit is

13   satisfied.

14          The Opposition posits that Petitioner has not satisfied Rule 27 because he

15   "fails to identify the legal claims that he currently has, but is 'presently unable' to

16   assert, against Mr. Qin or EFT."  Opposition, p. 3.  Petitioner has, however,

17   identified the legal claims he intends to assert, *i.e.* fraud and misrepresentation on

18   his own behalf, and on behalf of others similarly situated.  Petition, ¶ 2.  Petitioner

19   also explained that he is presently unable to bring the action because his

20   investigation into the facts underlying his claims are still ongoing.  Petition, ¶ 2;

21   Petitioner's Declaration, ¶ 5.  This is more than adequate to satisfy Rule 27, which

22   neither requires a petitioner to disclose his legal strategy or identify the substantive

23   basis for claims he may assert, and the cases cited in the Opposition do not hold

24   otherwise.  *Lucas v. Judge Advocate General*, 263 Fed. App'x., 607, 608 (9th Cir.

25   2009) (court held that the petitioner did not meet the threshold requirement of Rule

26   27 because *he did not even allege* that he expected to be a party to an action "but is

27   presently unable to bring it or cause it to be brought"); *State of Nevada v. O'Leary*,

28   63 F.3d 932, 935 (9th Cir. 1995) (the court expressly declined to determine whether

1  the State of Nevada could meet the requirement of Rule 27(a)(1) that petitioner

2  expects to be a party to an action in a court of the United States because it found

3  that the State was unable to satisfy the requirements of subsection 5, which requires

4  a petitioner to set forth the substance of the testimony she expects to elicit).

5        The recitation of cases in the Opposition that hold that Rule 27 cannot be

6  used as a substitute for discovery is similarly unavailing.  Unlike those cases,

7  Petitioner here does not seek discovery in order to determine which claims he can

8  assert against Mr. Qin or EFT; that is what his ongoing investigation is for.  The

9  purpose of the Petition is to determine which documents have been destroyed,

10  whether other sources for such documents are available, and ensure that additional

11  documents are not destroyed.  This is quite different from the cases cited in the

12  Opposition which denied the petitions sought.  *See O'Leary*, 63 F.3d at 935

13  (Nevada sought to depose 27 scientists participating in reports and studies in order

14  to perpetuate their testimony for use in later agency and judicial review proceedings

15  if it decided to later challenge anticipated government decisions); *In re Boland*, 79

16  F.R.D. 665, 668 (D.D.C. 1978) (the only basis for the information sought by

17  Petitioner was to permit her to draw a proper complaint); *In re Ford*, 170 F.R.D.

18  504, 506 (M.D. Ala. 1997) (petitioner admitted that she needed to take the

19  deposition in order to determine the basic facts and the appropriate party defendants

20  to enable her to file a wrongful death and federal civil rights suit in the future).  The

21  Petition here does *not* seek general discovery, or attempt to ferret out information to

22  support substantive claims against Mr. Qin and EFT; the Petition is narrowly

23  tailored to determine the extent to which documents have been destroyed and

24  ensure that no more documents go missing.[1]

25  _____

26  [1] The other cases cited in the Opposition are similarly inapposite.  *See In re Eisenberg*, 654 F.2d 1107 (5th Cir. 1981) (petitioner's civil discovery request

27  denied because it was a disguised attempt at criminal discovery); *Shore v. Acands*, 644 F.2d 386 (5th Cir. 1981) (Rule 27 not even available as the action had been

28

1    **<u>Good cause exists to perpetuate the testimony sought by the Petition.</u>**  As

2    Petitioner attests, up until June 2013, he was able to access hundreds of documents

3    on EFT's website relating to, among other things, Mr. Qin's promotion of various

4    EFT products, communications from Mr. Qin to EFT shareholders, and the

5    allotment program by which shares in EFT were distributed to consumers of EFT's

6    products.  Petitioner's Declaration, ¶¶ 3-4.  ***<u>All of this information is now missing</u>***

7    ***<u>from the EFT website.</u>*** *Id.*  The information was deleted from the website *after* an

8    EFT employee told Petitioner that Mr. Qin knew that Petitioner and others were

9    conducting an investigation into the Company's dealings, and the information is

10   still missing.  Petition, ¶ 9; Petitioner's Declaration, ¶ 4.

11        The suggestion by EFT's in-house counsel that information is missing due to

12   a "temporary error with EFT's internet server," is neither supported nor credible.

13   To the contrary, the screen prompt that was displayed in early June 2013, after

14   counsel for Petitioner was denied access to the EFT website, strongly suggests that

15   her inability to access the site was *not* due to an innocent mechanical error, but was

16   instead the result of an intentional ban resulting from a security trigger set up by the

17   Company.  *See* Declaration of Ronie M. Schmelz, submitted in support of the

18   Petition ("Schmelz Decl."), Ex. 4.

19        It is hard to envision a scenario that compels the issuance of a Rule 27

20   Petition more than that presented here.  Hundreds of documents that had been

21

22   commenced a month before the Petition was filed); *Ash v. Cort*, 512 F.2d 909 (3rd

23   Cir. 1975) (plaintiff's motion to perpetuate testimony respecting "all matters

     relevant to the subject matter involved" in the action pending appeal denied because

24   plaintiff failed to assert reasons why it was necessary to perpetuate the testimony);

25   *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345 (E.D.

     Pa. 2000) (in a case in which it was not at all clear that Rule 27 applied, the court

26   granted Plaintiff's request to take the depositions of four individual named

27   plaintiffs who were between the ages of 86 and 91); *State of N.C.*, 68 F.R.D. at 410

     (no showing that the files sought in the petition were in danger of being destroyed).

28

AM 21804476.1                              - 4 -

1    accessible on EFT's website for years are now missing.  The Company's in-house

2    counsel says that "EFT has not undertaken any action to destroy documents" but

3    the Company can only act through its representatives and in-counsel does not say

4    that *no one* has destroyed documents.  *See* Declaration of Pyng Soon filed in

5    support of the Opposition ("Soon Dec."), ¶ 6.  Remarkably, Mr. Qin, the individual

6    to whom the Petition is directed, did *not* submit a declaration confirming that *he* has

7    not destroyed any documents relating to EFT or its operations.  All we have is

8    carefully crafted, unverified statement in the form of an Acknowledgment,

9    purportedly signed by one Jack Qin, stating that he read the litigation hold letter

10   and, as of June 19, 2013, agreed to follow instructions to "immediately suspect the

11   Company's document retention/destruction policy."  *See* Opposition, p. 5 of 83.

12   The Acknowledgment, if it was signed by Mr. Qin, was executed ***15 days after*** he

13   and EFT's in-house counsel received letters from Petitioner's counsel demanding

14   they preserve relevant documents.[2]

15        Petitioner is entitled to know, among other things, what Mr. Qin did to

16   preserve documents, if anything, between June 4, 2013 (when he received

17   Petitioner's preservation demand) and June 19, 2013 (when Mr. Qin purportedly

18   signed the litigation hold letter).  Petitioner is also entitled to know whether Mr.

19   Qin or anyone else at or on behalf of EFT destroyed any documents once Mr. Qin

20   learned of Petitioner's investigation, what document preservation practices were in

21   place before Mr. Qin and EFT received the letter from Petitioner's counsel

22   demanding they preserve documents, and whether the practices were followed or

23   deviated from in any way.  And, among other things, Petitioner is entitled to

24   _____

25   [2] In his Declaration, EFT's in-house counsel acknowledges receiving the June 3,
     2013 letter from Petitioner's counsel, Ronie Schmelz, on June 4, 2013.  Soon Decl.,
26   ¶ 2.  The letter to Mr. Qin was sent the same day as the letter to EFT's in-house
     counsel.  Schmelz Decl., ¶ 8.
27

28

**REPLY IN SUPPORT OF PETITION TO PERPETUATE TESTIMONY; DECLARATION OF LI
SHUXIN IN SUPPORT THEREOF**

1    determine whether there are additional individuals or companies, other than those

2    who signed the litigation hold letters attached to the Opposition, who may have

3    destroyed documents, or who should in any event be instructed to retain

4    documents.[3]  All of this is *precisely* the type of information Rule 27 is designed to

5    illicit.  *See e.g. Martin v. Reynolds Metals Corporation*, 297 F.2d 49 (9th Cir. 1961)

6    (court granted Rule 27 petition where the inquiry was narrowly limited, its purpose

7    being to enable petitioner to discovery when relevant physical evidence is likely to

8    be disposed of and lost, and the location of other physical evidence that has been

9    transferred away and thus made less readily available).

10          In order to prevent a failure or delay of justice, the Court should grant the

11   Petition and order Mr. Qin to appear for deposition and answer questions respecting

12   EFT and Mr. Qin's document retention policies and practices and recent document

13   destruction undertaken by Mr. Qin and/or others by or on behalf of EFT.

14   Moreover, as contemplated by Rule 27(a)(4), the Court should order Mr. Qin to

15   produce the documents identified in the Petition.  *See* Petition, § 14.[4]

16

17

18

19   [3] Noticeably absent from the Opposition is a litigation hold letter sent to EFT's
     stock transfer agent(s), who should also be instructed to retain relevant documents.

20   This is one example of a third-party over whom Mr. Qin and EFT have control, but
     do not appear to have been instructed to meet their obligation to retain documents.

21

22   [4] Petitioner's only motive for pursing the documents identified in the Petition is to

23   ensure that documents are preserved and can be discovered in subsequent litigation.
     Petitioner has not requested the documents in order to, as suggested by the

24   Opposition, discovery underlying facts to support his claims.  If the Court is
     concerned about the use that Petitioner might make of the documents prior to his

25   filing of an action against Mr. Qin and/or EFT, then Petitioner respectfully suggests

26   that the Court order Mr. Qin to produce the documents identified in the Petition to a
     third-party custodian who will maintain the documents pending service of a

27   discovery demand in the anticipated action.

28

AM 21804476.1                              - 6 -

1    For all of the foregoing reasons, as well as those set forth in the Petition,

2    Petitioner respectfully requests that the Court grant the Petition.

3

4

5    Dated:  July 9, 2013            By:  _____

6                                         Ronie M. Schmelz

7                                    Attorneys for Petitioner Mr. Li Shuxin

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AM 21804476.1                        - 7 -

**REPLY IN SUPPORT OF PETITION TO PERPETUATE TESTIMONY; DECLARATION OF LI SHUXIN IN SUPPORT THEREOF**

## DECLARATION OF PETITIONER LI SHUXIN
## IN SUPPORT OF PETITION TO PERPETUATE TESTIMONY

I, Li Shuxin, declare as follows:

1.     I am the Petitioner in the above-captioned matter. I submit this Declaration in support of my Petition to Perpetuate the Testimony of Mr. Jack Qin ("Petition"), and in response to Mr. Qin's Opposition to the Petition. I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto.

2.     After hearing numerous presentations from Mr. Jack Qin, the founder of EFT Holdings Inc. ("EFT"), I began purchasing the Company's products in April 2005. To date, I have purchased over $140,000 worth of EFT products which, based on representations from Mr. Qin, I understood gave me an ownership interest in EFT.

3.     Since January 2008, I have been going onto the EFT internet website www.eftb.us ("EFT website") to check on my investment in the Company. After entering my account number on the Membership Section of the EFT website, I have, in the past, been able to, among other things, review my purchase history and view hundreds of news releases posted about the Company. From the period between January 2008 and June 2, 2013, I estimate that I viewed in excess of 300 different news releases that were posted on the EFT website. These news releases discussed, among other things, Mr. Qin's representations about EFT and its products, investor meetings with Mr. Qin, efforts to list EFT on the United States' stock exchange, and an allotment program set up by EFT which allowed purchasers of EFT product to acquire an ownership interest in the Company.

4.     Since June 2, 2013, the only news releases that I have been able to view on the EFT website are news releases from 2013; the news releases that I previously reviewed, for the time period January 2008 on

to and including June 2, 2013, are no longer available anywhere on the EFT website.

  5. My investigation into potential claims against Mr. Qin and EFT is ongoing and not yet completed.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration is executed by me outside the United States on this 8 day of July 2013.

李树新

2013年7月8日

Li Shuxin