Neal R. Marder (SBN: 126879)
nmarder@winston.com
Ian C. Eisner (SBN: 254490)
ieisner@winston.com
Shawn R. Obi (SBN: 288088)
sobi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213 615 1700
Facsimile: 213 615 1750

Attorneys on Behalf of Specially
Appearing Respondent Jack Qin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of a Petition by A Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27 | Case No. 2:13-MC-00218 (SSx)<br><br>**DECLARATION OF JACK QIN IN SUPPORT OF RESPONDENT'S OPPOSITION TO PETITION TO PERPETUATE TESTIMONY**<br><br>Hearing: July 16, 2013<br>Time: 10:00 a.m.<br>Dept: 23 |

## DECLARATION OF JACK QIN

I, Jack Qin, declare as follows:

1. I am the President and Chief Executive Officer of EFT Holdings, Inc. ("EFT").

2. I submit this Declaration in support of my opposition to the Petition to Perpetuate Testimony.

3. Because I was out of the country on business, I was unable to submit this Declaration concurrently with the filing of my opposition brief.

4. On or around June 4, 2013, I received a letter dated June 3, 2013 from Ronie M. Schmelz stating that EFT should "anticipate litigation" and demanding that EFT institute

1

Declaration of Jack Qin in Support of Respondent's Opposition to Petition to Perpetuate Testimony

a "litigation hold" to preserve any and all documents relating to, among other things, EFT's operations and sales.

5. EFT has had, at all relevant times, a document retention policy that satisfies the Internal Revenue Service's records retention requirements.

6. Upon receiving the letter, EFT took steps to retain outside legal counsel to assist EFT in complying with all of its obligations, including with respect to the preservation of documents. On June 17, 2013, EFT distributed a litigation hold letter (a copy of which is attached as an exhibit to the Declaration of Pyng Soon, EFT's general counsel, in support of my opposition brief) to all directors, officers, and employees of EFT and its subsidiaries, affiliated companies, third party contractors, and to any other persons or entities under EFT's control.

7. The "litigation hold" letter requires its recipients to, among other things, (i) preserve all documents and electronic information that could potentially relate to any actual or anticipated dispute or litigation, including but not limited to all documents and data concerning EFT's "operations," "products sold," and "funds received"; and (ii) suspend the deletion, overwriting, or other possible destruction of all such documents and information.

8. I am informed that all of the persons to whom the litigation hold letter was distributed signed and return the "acknowledgment" form attached to the letter.

9. Contrary to the purported suspicions of the Petitioner and his counsel, I have not destroyed – nor ordered the destruction of – any documents or information in response to any actual or anticipated investigation or litigation concerning me, EFT, or any of EFT's affiliates or subsidiaries. Further, I am unaware of any person, including but not limited to, any officers, directors, or employees of EFT or of its affiliates, subsidiaries, or third party contractors, who has destroyed documents or information in response to any actual or anticipated investigation or litigation.

2

Declaration of Jack Qin in Support of Respondent's Opposition to Petition to Perpetuate Testimony

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that if I were called as a witness I could and would testify competently thereto based on my personal knowledge.

_____
Jack Qin

LA:335087.1

3
Declaration of Jack Qin in Support of Respondent's Opposition to Petition to Perpetuate Testimony