**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN THE MATTER OF A PETITION BY A CERTAIN INVESTOR IN EFT HOLDINGS INC. TO PERPETUATE TESTIMONY OF MR. JACK QIN UNDER FRCP RULE 27 | NO. CV 13-0218 UA (SS)<br><br>**MEMORANDUM AND ORDER DENYING PETITION TO PERPETUATE TESTIMONY**<br><br>**(Dkt. No. 1)** |

**I.**

**INTRODUCTION**

On June 6, 2013, Petitioner Li Shuxin ("Petitioner") filed a Petition to Perpetuate Testimony pursuant to Federal Rule of Civil Procedure 27, including the declaration of Ronie M. Schmelz ("Schmelz Decl."). (Dkt. No. 1). Following service of the Petition,[1] on July 3, 2013, Respondent Jack Qin ("Respondent") filed an Opposition, including the declaration of Pyng Soon ("Soon Decl."). (Dkt. No. 13). On July 9,

---

[1] The Petition as filed did not include a Proof of Service. (Dkt. No. 1). On June 28, 2013, Petitioner filed Proofs of Service indicating that Mr. Qin and EFT Holdings, Inc. had been served on June 24, 2013. (Dkt. Nos. 4-5).

1 2013, Petitioner filed a Reply, including the declaration of Li Shuxin
2 ("Shuxin Decl."). (Dkt. No. 17). On July 12, 2013, Respondent filed
3 the declaration of Jack Qin in support of the Opposition ("Qin Decl.").[2]
4 (Dkt. No. 18). On July 16, 2013, the Court held a hearing. Counsel for
5 Petitioner and Respondent were present. For the following reasons, the
6 Petition to Perpetuate Testimony is DENIED.

## II.

### BACKGROUND AND THE PARTIES' CONTENTIONS

Petitioner is investigating EFT Holdings, Inc. ("EFT") and Mr. Qin, EFT's founder and president, for potential claims of fraud and misrepresentation. (Petition at 1-2).[3] Petitioner is an investor in

---

[2] At the hearing, Petitioner moved to strike Mr. Qin's declaration on the ground that it was filed after Petitioner filed his Reply. According to counsel for Respondent, Mr. Qin was unable to file his declaration concurrently with the Opposition because he was out of the country on business. It is generally improper for a party to file a declaration after the opposing party has filed its final brief. However, Petitioner also improperly filed Mr. Shuxin's declaration with the Reply without any explanation as to why the declaration was not filed concurrently with the Petition. See Insituform Technologies, Inc. v. AMerik Supplies, Inc., 588 F. Supp. 2d 1349, 1355 n.4 (N.D. Ga. 2008) ("Submitting supplemental affidavits or declarations on reply is generally improper, since it denies the opposing party an opportunity to address these materials in response.") (internal quotation marks omitted). Nonetheless, Petitioner's motion to strike is moot as neither Mr. Qin's nor Mr. Shuxin's declaration is essential to the Court's decision. See PacifiCorp v. Northwest Pipeline GP, 879 F. Supp. 2d 1171, 1194 n.7 & 1214 (D. Or. 2012) (declining to address evidentiary objections where the court would reach the same conclusions whether or not it considered the challenged materials).

[3] The Petition and Reply are both mispaginated, as each begins "page one" on the second page of the document, even though their respective caption pages include text. See C.D. Cal. L.R. 11-3.3 (requiring consecutive pagination). To avoid confusion, the Court will

2

1  China. (Id. at 1 & 3). According to Petitioner, EFT is an "e-commerce
2  publicly traded company" that is headquartered in City of Industry,
3  California and Mr. Qin is a "citizen of Los Angeles." (Id. at 2;
4  Schmelz Decl., Exh. 1, at 1 & 3). Petitioner alleges that he and
5  "thousands of other Chinese citizens were induced by Mr. Qin to purchase
6  tens of millions of dollars' worth of EFT products" based on Mr. Qin's
7  "numerous false and misleading statements." (Petition at 3).
8  Petitioner states that he is currently unable to bring suit because his
9  investigation is not yet complete, but he anticipates filing suit in
10 federal court on behalf of himself and other similarly situated
11 investors in China. (Id. at 2).

13     Petitioner alleges that on May 20, 2013, he was approached in China
14 by a person who identified himself as the driver for an EFT Vice
15 President. This unnamed person "told Petitioner that Mr. Qin was aware
16 that Petitioner and others were conducting an investigation into the
17 Company's dealings with Petitioner and others who had purchased the
18 Company's products." (Id. at 3). Shortly after this encounter,
19 Petitioner "attempted to access" certain previously-available
20 information on the Company's website and noticed that certain news
21 releases were no longer posted. (Id.). In addition, Petitioner's
22 counsel attempted to gain access to public areas on EFT's website on
23 June 2, 2013 but was blocked by the Company's security system, even
24 though counsel had previously been able to access the site.[4] (Id. at 3;

26 cite to the Petition and the Reply as though each were consecutively
27 paginated from the first page.

28     [4]  Although Petitioner suggests that EFT specifically and
intentionally barred his counsel from EFT's website, Petitioner does not

Schmelz Decl. ¶ 7). Consequently, Petitioner "became concerned that Qin and/or others at EFT [were] in the process of destroying documents." (Petition at 3). On June 3, 2013, Petitioner's counsel sent EFT's in-house counsel a letter demanding that Mr. Qin and EFT "preserve all documents relating to the Company's operations." (Id. at 4; Schmelz Decl., Exh. 5). On June 6, 2013, Petitioner filed the instant Petition. (Dkt. No. 1). On June 19, 2013, EFT instituted a litigation hold in response to Petitioner's demand letter. (Soon Decl., Exh. A). On June 24, 2013, Petitioner served the Petition. (Dkt. Nos. 8-9).

Petitioner seeks an Order allowing him to take Mr. Qin's deposition prior to filing suit in order to conduct a "review of the Company's document retention policy and procedures and recent document destruction undertaken by Mr. Qin and/or others by or on behalf of EFT." (Petition at 4). In addition, Petitioner also requests that Mr. Qin be ordered to produce a wide range of documents seemingly unrelated to EFT's document retention policies and procedures, as follows:

1. All documents reflecting the Company's operations, including, but not limited to, its manufacturing, production, and sale of products;

2. All documents reflecting or referencing communications between EFT and/or Mr. Qin, on the one hand, and Petitioner and/or others in China, on the other hand, who purchased product from or invested in EFT;

---

attempt to explain how Respondent knew who his counsel was prior to June 3, 2013, when counsel sent EFT a document preservation demand. (Petition at 3).

4

    3.    All documents relating to Petitioner and others located in China who purchased product from or invested in EFT;

    4.    All documents reflecting money EFT and/or Mr. Qin received from Petitioner and others located in China for EFT products and/or investment in the Company;

    5.    All documents reflecting the investment in EFT by Petitioner and other similarly situated;

    6.    All documents reflecting an accounting of funds received from Petitioner and others located in China; and

    7.    All documents reflecting or referencing communications from or with the Government of the Peoples' Republic of China relating to EFT's operations and practices in that country.

(Id. at 4-5).[5]

In his Opposition, Respondent asserts that contrary to Petitioner's suspicions, "EFT has not destroyed any documents in connection with any actual or anticipated dispute or litigation and, to the contrary, EFT has implemented a litigation hold [on June 19, 2013] preserving all such documents . . . ." (Opp. at 2; see also Soon Decl. ¶¶ 3-6 & Exh. A). Furthermore, Respondent states that any difficulties in accessing EFT's website in June 2013 were due to a temporary server error that was

---

[5] At the hearing, Petitioner appeared to abandon his interest in the document requests, focusing instead on what documents may have been destroyed during the "gap" period that Petitioner could not access the website. While this modified argument might have become a more strategic approach, given the limitations of Rule 27, the Court cannot ignore the arguments as they were set forth in the original Petition.

quickly resolved and applied to all users, not specific individuals.[6] (Opp. at 4). Respondent argues that the Petition should be denied because (1) Petitioner improperly seeks pre-litigation discovery that Petitioner hopes will provide the basis for a future lawsuit; (2) there are no special circumstances justifying the perpetuation of testimony; (3) Petitioner fails to establish that this Court has jurisdiction; and (4) the scope of the document request is impermissibly broad. (Id. at 2-4). Respondent also argues that Petitioner did not meet and confer prior to filing the Petition pursuant to Local Rule 37. (Id. at 5).

At the hearing, Petitioner acknowledged EFT's document hold and admitted that Petitioner has no reason to believe that EFT is currently destroying documents. Nonetheless, Petitioner argues that he is still entitled to a Rule 27 deposition to learn what Mr. Qin did to preserve documents between June 4, 2013 (the day after the preservation demand was sent via certified mail) and June 19, 2013 (when the document hold issued). (Reply at 5).

---

[6] Petitioner admitted at the hearing that Mr. Shuxin is not blocked from the website, although counsel maintained that news releases that were previously available on the website are not currently available. Counsel did not state whether she has attempted to access EFT's website after being blocked on June 2, 2013.

**III.**

**DISCUSSION**

**A.    Standard**

Federal Rule of Civil Procedure 27 governs when a person may obtain an order to "perpetuate testimony" before an action is filed.  Pursuant to Rule 27, the petition must show:

(A)  that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
(B)  the subject matter of the expected action and the petitioner's interest;
(C)  the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
(D)  the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
(E)  the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 37(1).

Rule 27 applies where testimony or evidence might be lost to a prospective litigant unless a deposition is taken immediately to preserve the testimony for future use.  See Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975); see also Penn Mut. Life Ins. Co. v. United States,

68 F.3d 1371, 1375 (D.C. Cir. 1995) ("A petitioner must demonstrate, among other things, an immediate need to perpetuate testimony.") (internal quotation marks omitted). In such circumstances, a court may, within its sound discretion, "grant an order to take a deposition 'if it is satisfied that a failure or a delay of justice may thereby be prevented.'" In re Yamaha Motor Corp., U.S.A., 251 F.R.D. 97, 98-99 (N.D. N.Y. 2008) (quoting Mosseller v. United States, 158 F.2d 380, 382 (2d Cir. 1946)). To prevail under Rule 27, petitioners must satisfy three elements:

> First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed.

In re Allegretti, 229 F.R.D. 93, 96 (S.D. N.Y. 2005); Yamaha Motor Corp., 251 F.R.D. at 99 (quoting same); Hardin-Warfield v. Mosby, 2006 WL 1366727 at *2 (S.D. Miss. May 18, 2006) (same); see also 19th Street Baptist Church, 190 F.R.D. 345, 347 (E.D. Pa. 2000) ("For Rule 27 to apply, a petitioner must demonstrate a need for [the testimony or evidence] that cannot easily be accommodated by other potential witnesses, must show that the testimony is relevant, not simply cumulative, and must convince the court that the evidence sought throws

a different, greater, or additional light on a key issue.") (internal quotation marks omitted).

Courts are most likely to permit discovery under Rule 27 where "some special consideration makes the need to perpetuate testimony particularly urgent." Tennison v. Henry, 203 F.R.D. 435, 440-41 (N.D. Cal. 2001). Among the circumstances that courts have found persuasive in justifying the need to perpetuate testimony are: (1) the witness's advanced age or unfavorable medical prognosis; (2) the imminent departure of the witness from the country; (3) the possibility that the witness will not be willing to testify if discovery is delayed; or (4) the uniqueness of the information at issue. See id. at 441 (citing cases); Penn Mut. Life Ins. Co., 68 F.3d at 1375 (significant risk that testimony of 80-year old witness would be lost if delayed); Mosseller, 158 F.2d at 381 (death of witness likely due to severe injuries); In re Deiuleman di Navigazione, 153 F.R.D. 592, 593 (E.D. La. 1994) (vessel about to leave port with crew members who possessed particular knowledge); In re Sims, 389 F.2d 148, 150 (5th Cir. 1967) (witness imminently leaving country); Calderon v. U.S. District Court for the Northern District of California (Thomas), 144 F.3d 618, 619-620 (9th Cir. 1998) (uncertainty that witness frightened by the events that were the subject of his testimony would be willing to testify in the future); Martin v. Reynolds Metals Corp., 297 F.2d 49, 57 (9th Cir. 1961) (potential defendant in environmental dispute permitted to physically inspect cattle that ranchers claimed were harmed by run off from defendant's plant). However, "[s]imply alleging that testimony or information may be lost, destroyed or unrecoverable in the future is, at

best, vague and conclusory" and will not support a Rule 27 petition. In re Landry-Bell, 232 F.R.D. 266, 267 (W.D. La. 2005).

Furthermore, it is well settled that "Rule 27 simply authorizes the perpetuation of evidence, not the discovery or uncovering of it." Id. (emphasis added). The Ninth Circuit and many other courts have clearly and repeatedly held that Rule 27 cannot be used as a substitute for discovery to determine whether a cause of action exists or to preserve unknown information that may be helpful in future litigation. See State of Nevada v. O'Leary, 63 F.3d 932, 933 (9th Cir. 1995) ("Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief."); see also Ash, 512 F.2d at 912 ("We reiterate that Rule 27 is not a substitute for discovery."); 19th Street Baptist Church, 190 F.R.D. at 347 ("A rule 27 deposition is not to be used as a substitute for pretrial discovery, and does not license a prospective plaintiff to engage in a wholesale fishing expedition.") (internal quotation marks omitted). Rather, Rule 27 "may be used only to perpetuate important 'known testimony' that might otherwise be lost." Tennison, 203 F.R.D. at 440; see also Allegretti, 229 F.R.D. at 96 ("It is well-established in case law that perpetuation [under Rule 27] means the perpetuation of known testimony.") (emphasis in original); 19th Street Baptist Church, 190 F.R.D. at 347 ("To perpetuate the testimony of a witness means to record, prior to trial and for use at trial, the witness' known testimony in a case where the witness may be unavailable for trial."). Where the petitioner is unable to set forth the substance of the testimony sought because it is

"completely unknown" to him, a Rule 27 petition is properly denied. See O'Leary, 63 F.3d at 936.

**B.     The Petition Fails To Satisfy The Requirements Of Rule 27**

Even assuming, without deciding, that Petitioner has sufficiently established that he is currently unable to file suit and that this Court has jurisdiction over his anticipated action, the Petition fails to satisfy the remaining requirements of Rule 27. First, Petitioner does not and admittedly cannot provide a "focused explanation" of what he anticipates Mr. Qin's testimony will be. Allegretti, 229 F.R.D. at 96. Petitioner argues that "the purpose of the Petition is to determine which documents have been destroyed, whether other sources for such documents are available, and ensure that additional documents are not destroyed." (Reply at 4). This is, in essence, an admission that Petitioner does not know what the substance of Mr. Qin's testimony would be. Consequently, a Rule 27 deposition is improper because Petitioner is not seeking to perpetuate "known testimony." O'Leary, 63 F.3d at 936.

Second, and relatedly, the real purpose of the original Petition appears to be nothing more than pure discovery on the merits of Petitioner's anticipated action, as Petitioner's vague and overly broad production demands reveal. The production demands, which seek, inter alia, "all documents" reflecting EFT's manufacturing, production and sales operations, do not have any apparent connection to the purported subject matter of the deposition, i.e., EFT's document retention practices. (Petition at 4). Instead, the demands target information

that Petitioner believes may be relevant to the substance of his anticipated suit. These broad production demands do not constitute a request for evidence presently known to Petitioner and undermine the legitimacy of the entire Petition. The contrast between the allegations of the original Petition, seeking broad merits discovery, and the significantly narrowed deposition topic identified at the hearing, is troubling because it suggests that the motive of the original Petition was premature merits discovery. Because no case allows a Rule 27 proceeding to be used as a substitute for discovery, the Petition fails on this ground as well. O'Leary, 63 F.3d at 936.

Third, even if Petitioner were able to describe with any specificity the substance of Mr. Qin's anticipated testimony, Petitioner has not shown any special circumstances that reflect an _immediate_ and _urgent_ need to take the deposition prior to filing suit. Ash, 512 F.2d at 911. Petitioner has not established that Mr. Qin is of advanced age or in ill health, or that he is likely to flee the country. Indeed, Petitioner has not shown that Mr. Qin is the only person or even the most appropriate person to testify about EFT's document retention policies and practices.[7] See 19th Street Baptist Church, 190 F.R.D. at

---

[7] Even if Mr. Qin has some knowledge of EFT's document retention policies and practices, it is far from clear that he possesses unique knowledge unknown to others at EFT. Courts have observed that discovery demanding the deposition of high-level executives (so-called "apex depositions) "creates a tremendous potential for abuse or harassment." Apple, Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 1144060 at *1 (N.D. Cal. Apr. 4, 2012) (internal quotation marks omitted). Even after an action has been filed, in determining whether to allow an apex deposition to go forward, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." In re Google Litig., 2011 WL

1  347. Nor has Petitioner made an objective showing that Mr. Qin or EFT
2  has likely destroyed evidence, even during the two-week period after
3  Petitioner's preservation demand was sent and before the litigation hold
4  issued. Petitioner's basis for alleging "document destruction" consists
5  of an unidentified individual's hearsay comments and some difficulties
6  accessing the public website. Petitioner's evidence of actual "document
7  destruction" is speculative and inadequate to justify the unusual remedy
8  provided for in Rule 27. There is simply no basis for the Court to
9  order EFT -- without any action pending -- to sequester and produce
10 nearly all of its documents, as Petitioner's demand for all documents
11 reflecting EFT's "operations" would seemingly require. Petitioner has
12 utterly failed to show that there is a significant risk that the
13 testimony Petitioner seeks will be lost if Mr. Qin (or any other EFT
14 employee) is not deposed now. Allegretti, 229 F.R.D. at 96.
15 Accordingly, the Petition must be DENIED.

## IV.
## CONCLUSION

If Petitioner eventually files suit, he may propound discovery to obtain the wide-ranging substantive information his Petition seeks. If Petitioner then uncovers evidence of spoliation, he may file a motion to

---

4985279 at *2 (N.D. Cal. Oct. 19, 2011). Where an action has not been filed, courts routinely require a petitioner to show that any Rule 27 witness possesses knowledge that cannot easily be accommodated by other potential witnesses, regardless of the witness's position. See 19th Street Baptist Church, 190 F.R.D. at 347. Consequently, even if Petitioner had established an urgent need to preserve known information about EFT's document retention practices, he would still need to demonstrate that Mr. Qin possessed unique knowledge not easily available from other sources.

seek appropriate sanctions.  However, allowing a Rule 27 deposition to proceed under the circumstances shown here would open the door for nearly every prospective plaintiff to demand that a company turn over voluminous quantities of documents and testimony before a suit is even filed.  Rule 27 is not designed for such use.  For the foregoing reasons, the Petition is DENIED.

    IT IS SO ORDERED.

DATED: July 22, 2013

                                                /S/
                                 SUZANNE H. SEGAL
                                 UNITED STATES MAGISTRATE JUDGE